UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80193-CV-MIDDLEBROOKS
MAGISTRATE JUDGE REID

ALELI HERNANDEZ,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

**REPORT OF MAGISTRATE JUDGE**

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, attacking his judgment of conviction in Case No. 2009CF018482AXX, Fifteenth Judicial Circuit of Florida, Palm Beach County. [ECF No. 1]. As discussed below, the Petition should be DISMISSED as untimely.

**I.    Relevant Background**

A jury convicted Petitioner of second-degree murder with a firearm (count one) and resisting an officer with violence (count two). [ECF No. 9-1 at 5-7[1]]. Petitioner received a 30-year sentence on count one and a concurrent 20.9-year sentence on count two. [*Id.* at 11-13].

Petitioner appealed, [*id.* at 44], and the Fourth District Court of Appeals ("Fourth District") affirmed without comment on January 18, 2012. [*Id.* at 128]. The Fourth District denied Petitioner's motion for rehearing on March 1, 2012. [*Id.* at 140].

---

[1] All citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

On May 10, 2012, petitioner filed a motion to mitigate sentence under Florida Rule of Criminal Procedure 3.800(c). [*Id.* at 144]. The trial court denied this motion on July 2, 2012. [*Id.* at 161].

On September 4, 2012, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, [*id.* at 164], which he later amended. [*Id.* at 263]. The trial court denied the motion. [*Id.* at 249; ECF No. 9-2 at 18, 25]. Petitioner appealed and the Fourth District affirmed without comment, issued its mandate on August 24, 2018. [ECF No. 9-2 at 130, 132].

On December 17, 2018, Petitioner filed a second Rule 3.850 motion. [*Id.* at 166]. The trial court denied it as untimely, [*id.* at 198-99], and the Fourth District affirmed. [*Id.* at 215, 217].

On July 22, 2019, Petitioner filed a "motion to correct unlawful sentence" under Florida Rule of Criminal Procedure 3.800(a). [*Id.* at 150-51]. Petitioner appealed the trial court's denial of this motion and the Fourth District affirmed, issuing its mandate on December 13, 2019. [*Id.* at 157, 159, 162, 164].

Meanwhile, on December 6, 2019, Petitioner filed a "petition for writ of certiorari" in the Fourth District, [*id.* at 219], which was denied on December 24, 2019. [*Id.* at 233].

Petitioner filed this § 2254 Petition on February 7, 2020. [ECF No. 1 at 1]. The state filed a Response and supporting documentation. [ECF Nos. 8, 9, 10]. Pertinently, the state argued that the Petition was untimely. [ECF No. 8 at 6-10]. Petitioner filed a Reply. [ECF No. 11].

## II.     Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on the filing of federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1). Pertinently, the year commences on "the date on which the judgment became final by . . . the expiration of the time for seeking [direct] review." *Id.* § 2244(d)(1)(A). Under this clause, "the judgment becomes

final . . . when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Here, the Fourth District denied petitioner's motion for rehearing on March 1, 2012. [ECF No. 9-1 at 140]. Therefore, his judgment of conviction became final ninety days later on **May 30, 2012**. *Compare Gonzalez*, 565 U.S. at 150, *with* U.S. Sup. Ct. R. 13(3) ("[I]f a petition for rehearing is timely filed . . . , the time to file the petition for a writ of certiorari . . . runs from the date of the denial of rehearing . . . .").

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." 28 U.S.C. § 2244(d)(2); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). "[A]n application remains pending until it 'has achieved final resolution through the State's post-conviction procedures.'" *Hernandez-Alberto v. Sec'y, Fla. Dep't of Corr.*, 840 F.3d 1360, 1364 (11th Cir. 2016) (*per curiam*) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)). This rule includes "those intervals between one state court's judgment and the filing of an appeal with a higher state court." *Matos v. Sec'y, Fla. Dep't of Corr.*, 603 F. App'x 763, 766 (11th Cir. 2015) (*per curiam*) (citing *Carey*, 536 U.S. at 219-20).

Here, Petitioner's Rule 3.800(c) was already pending on May 30, 2012, and remained so until the trial court denied it on July 2, 2012. [ECF No. 9-1 at 161]. Section 2244(d)(1) stopped tolling thirty days later on August 1, 2012. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1384 (11 Cir. 2006) (*per curiam*); *see also Hollinger v. Sec'y Dep't of Corr.*, 334 F. App'x 302, 304 (11th Cir. 2009) (citing Fla. R. Crim. P. 3.850(g)). Then, on September 4, 2012, petitioner filed his first Rule 3.850 motion. [ECF No. 9-1 at 164]. This resulted in **thirty-four (34) days** of untolled statutory time (August 1, 2012 to September 4, 2012).

3

Section 2244(d)(1) remained tolled until August 24, 2018, when the Fourth District issued its mandate in connection with its affirmance of the trial court's order denying, as amended, the Rule 3.850 motion. [ECF No. 9-2 at 132]. Although Petitioner filed a second Rule 3.850 motion on December 17, 2018, this motion did not toll § 2244(d)(1) because the state courts denied it as untimely. [*Id.* at 198-99, 215, 217]; *see Pace*, 544 U.S. at 417.

Later, on July 22, 2019, Petitioner filed his Rule 3.800(a) motion. [ECF No. 9-2 at 150-51]. This resulted in an additional **332 days** of untolled statutory time (August 24, 2018 to July 22, 2019). The Fourth District affirmed the trial court's denial of this motion on December 13, 2019. [*Id.* at 157, 159, 162, 164].

Meanwhile, Petitioner filed a self-styled petition for certiorari in the Fourth District, which was denied on December 24, 2019. [*Id.* at 233].

Then, Petitioner filed this § 2254 Petition on February 7, 2020. This resulted in an extra **forty-five (45) days** of untolled statutory time (December 24, 2019 to February 7, 2020).

All told, petitioner has at least **411 days (34 + 332 + 45)** days of untolled statutory time. Consequently, this federal Petition is untimely.

In his Reply, which is rambling and conclusory, Petitioner appears to contend that he is entitled to equitable tolling because his Rule 3.850 motion was pending in the trial court and Fourth District from September 4, 2012 to August 24, 2018. *See* [ECF No. 11 at 2]. This contention is specious. Only thirty-four days of untolled time had elapsed at that point. Petitioner has not explained why he could not have filed his federal petition or a procedurally proper postconviction motion (such as his Rule 3.800(a) motion) then. Instead, he filed a second Rule 3.850 motion. While Petitioner may have mistakenly believed that his untimely second Rule 3.850 would toll § 2244(d), this mistake of law does not warrant equitable tolling. *See Menominee Indian Tribe of*

4

*Wis. v. United States*, 136 S. Ct. 750, 756-57 (2016) (mistake of law does not warrant equitable tolling); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]").

### III.   Evidentiary Hearing

Section 2244 "does not require a hearing on the issue of time-bar or equitable tolling, so the decision as to whether to conduct an evidentiary inquiry is a matter left to the sound discretion of the district court." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1292 (11th Cir. 2002) (citations omitted). Here, an evidentiary hearing is improper. Petitioner's conclusory allegations do not suggest that he would be able to develop facts sufficient to overcome the time bar at such a hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record . . . otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

### IV.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2254 Cases. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." R. 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

5

constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Undersigned denies a certificate of appealability. If Petitioner disagrees, he may so argue in any objections filed with the District Judge.

## V.     Recommendations

As discussed above, it is recommended that the § 2254 Petition [ECF No. 1] be DISMISSED as untimely; that no certificate of appealability issue; that final judgment be entered; and that the case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

SIGNED this 1st day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     Aleli Hernandez
        899580-H
        Mayo Correctional Institution
        Inmate Mail/Parcels
        8784 US Highway 27 West
        Mayo, FL 32066
        PRO SE

Matthew Steven Ocksrider
Office of the Attorney General
Criminal Appeals
1515 North Flagler Drive
Suite 900
West Palm Beach, FL 33401
(561)837-5016
Email: matthew.ocksrider@myfloridalegal.com

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com